## Commonwealth v. Rainelli

C.P. of Centre County, no. CP-14-CR-1201-2000.

*Christopher D. Carusone,* for Commonwealth.
*Sean P. McGraw,* for defendant.

BROWN JR., *P.J.,* January 25, 2006—Presently before the court is defendant David Rainelli's motion to suppress. Said motion is denied. The court determines defendant need not be individually named on the application or order for interception of wire and electronic communications.

## FINDINGS OF FACT

(1) On June 29, 2005, this court granted defendant post-conviction relief in the form of a new trial.

(2) On April 28, 1998, Judge Zoran Popovich of the Pennsylvania Superior Court signed an order authorizing the interception of wire and electronic communica-

tions from the telephone of Andrew Bekes, an individual being investigated for drug trafficking in Centre County, Pennsylvania.

(3) The Superior Court order of April 28, 1998, authorizes the Commonwealth to "[i]ntercept wire and electronic communications of Andrew Lord BEKES, and others as yet unknown." (Order of April 28, 1998, misc. no. 12-8 E.D. 1998.)

(4) Pursuant to the wiretap order, conversations between Bekes and defendant were intercepted.

## CONCLUSIONS OF LAW

(1) The standard of proof at a suppression hearing is proof by a preponderance of the evidence. *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426 (1968).

(2) An application for an order of authorization to intercept a wire electronic or oral communication shall state, "[t]he identity of the particular person, *if known,* committing the offense and whose communications are to be intercepted." 18 Pa.C.S. §5709. (emphasis added)

(3) An order authorizing the interception of any wire, electronic or oral communication shall state, "[t]he identity of, or a particular description of, the person, *if known,* whose communications are to be intercepted." 18 Pa.C.S. §5712. (emphasis added)

## DISCUSSION

Defendant filed the instant motion to suppress statements on September 30, 2005, seeking the suppression

of the intercepted electronic communications between him and Bekes. Defendant argues all communications seized by the Commonwealth are the result of an illegal search and seizure. Defendant maintains the recorded conversations between him and Bekes were subjected to an illegal search, and the words uttered were seized within the meaning of the requirements of the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. See *Katz v. United States,* 389 U.S. 347 (1967).

Specifically, defendant argues the Fourth Amendment requires that the "place to be searched, and the persons or things to be seized" be "particularly describe[ed]." U.S. Constitution, Amendment IV. The Pennsylvania Constitution requires that any place to be searched or any person to be seized be described "as nearly as may be." However, in the April 28, 1998 order authorizing the interception of Bekes' phone, defendant is not named as one of the individuals whose communications would be intercepted. Defendant argues the failure to name him in the order mandates exclusion of the evidence.

The Pennsylvania Wiretapping and Electronic Surveillance Control Act requires an application for an order of authorization to intercept a wire electronic or oral communication to state, "[t]he identity of the particular person, *if known,* committing the offense and whose communications are to be intercepted." 18 Pa.C.S. §5709. (emphasis added) An order authorizing the interception of any wire, electronic or oral communication shall state, "[t]he identity of, or a particular description of, the person, *if known,* whose communications are to be intercepted." 18 Pa.C.S. §5712. (emphasis added)

The application submitted by the Commonwealth to the Superior Court stated it was seeking "authorization to intercept wire and electronic communications of Andrew Lord BEKES, *and others as yet unknown.*" (Order of April 28, 1998, misc. no. 12-8 E.D. 1998.) The Act does not require the Commonwealth to identify the communications of all persons who might be intercepted by the wiretap.

In *Commonwealth v. Whitaker,* 519 Pa. 77, 546 A.2d 6 (1988), our Supreme Court stated, "[c]learly, an applicant for a wiretap cannot be expected to name persons whose communications 'are to be intercepted,' . . . when there are no probable grounds to believe such communications will be intercepted. To require that every person whose communications are in fact intercepted have been named in the interception order would require a high degree of omniscience indeed, obviously not intended as an element of wiretapping prerequisites." *Id.* at 82, 546 A.2d at 9.

In the instant case, the Commonwealth did not have probable cause to believe defendant's communications would be intercepted when wiretapping Bekes' conversations. Defendant points out that his name is mentioned in the affidavit. However, the Commonwealth argues the mere mentioning of defendant's name does not lead to probable cause. Page 50 of the affidavit mentions "the Rainelli's phone." This phone refers to a number which is subscribed to by Julie Rainelli.

This is not sufficient to suggest the Commonwealth had probable grounds to believe defendant's communications would be intercepted under the wiretap.

It is clear to this court that the Act does not require the application or the order for the interception of communications to include the identity of a particular person when the Commonwealth does not have probable cause to believe the individual's communications would be intercepted. Based upon the evidence presented, the court determines the Commonwealth did not have probable cause to believe defendant's conversations would be intercepted. Therefore, defendant's motion is denied.

Accordingly the following is entered:

### ORDER

And now, January 25, 2006, upon consideration of defendant David Rainelli's motion to suppress statements, said motion is denied. The court determines defendant need not be individually named in the application or order for interception of wire and electronic communications, based upon the Commonwealth's lack of probable cause to believe defendant's conversations would be intercepted by the wiretap.